```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

LINDA D. OLDAKER,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Civil Action No. 5:08CV109
　　　　　　　　　　　　　　　　　　　　　　　　(STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
OVERRULING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On June 25, 2008, the plaintiff, Linda D. Oldaker, filed a complaint in this Court for review of the decision of the Commissioner of Social Security to deny benefits. The plaintiff contemporaneously filed an application for leave to proceed in forma pauperis.[1] Upon review of the plaintiff's financial circumstances, which she set forth in her application, Magistrate Judge James E. Seibert entered a report and recommendation recommending that the petitioner's application to proceed without prepayment of fees be denied.

In his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written

---

[1] "In forma pauperis" describes the permission granted to a poor person to proceed without liability for court fees or costs. Black's Law Dictionary 779 (7th ed. 1999).

objections within ten days after being served with a copy of the report. The plaintiff filed timely objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed timely objections, this Court reviews de novo the report and recommendation of the magistrate judge.

## III. Discussion

Based upon the financial information contained in the plaintiff's application form, the magistrate judge found that the plaintiff has received no income during the past twelve months and that her spouse's income varies from $800.00 to $1,500.00 per month, depending upon the weather.[2] The magistrate judge further found that the plaintiff and her husband own real estate and

---

[2]The plaintiff's spouse is employed as a logger. His work schedule, and thus his income, depends upon whether the weather conditions permit logging.

2

personal property valued at approximately $55,000.00,[3] that they support a sixteen-year-old son, and that their monthly expenses total approximately $1,405.00. In the magistrate judge's opinion, the plaintiff's household income and property value enable her to afford the filing fee required to prosecute this action.

The plaintiff objects to the magistrate judge's conclusions. She argues that the report and recommendation fails to consider the variable nature of her husband's income. According to the plaintiff, during the months in which her spouse earns only $800.00, the family's financial shortfall is approximately $605.00 per month. Even during those months in which the plaintiff's spouse earns as much as $1,500.00, the family has only $95.00 per month in disposable income after paying their bills. Additionally, the plaintiff observes that she does not have equity in the full value of her home, estimated at approximately $50,000.00, and, further, that any equity she may have does not represent a liquid asset that can be used for the payment of court fees. Finally, the plaintiff contends that she should not be required to pay the filing fee because her household income falls below the federal poverty guidelines.

To proceed in forma pauperis, a plaintiff need not demonstrate absolute destitution. Adkins v. E.I. DuPont de Nemours

---

[3]As assets, the plaintiff has listed on her application form a home valued at approximately $50,000 and a 1992 Chevrolet Lumina valued at approximately $500.

& Co., 335 U.S. 331, 339-40 (1948). Rather, under Adkins, a plaintiff need only demonstrate that the payment of court costs imposes a substantial burden. Id. After reviewing the record de novo, this Court finds that the plaintiff has met this burden and concludes that the magistrate judge's findings should be overruled. This Court does not consider or base its decision upon the plaintiff's poverty level argument, but rather upon a finding that her household monthly income leaves little, if any, disposable income after providing for life's necessities, and in some months is inadequate to afford basic living expenses. Accordingly, this Court finds that the petitioner's request to proceed without prepayment of fees should be granted.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge is OVERRULED and the petitioner's request for leave to proceed in forma pauperis is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: August 14, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE