IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


LINDA D. OLDAKER,

    Plaintiff,

v.                                                 Civil Action No. 5:08CV109
                                                               (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.


**MEMORANDUM OPINION AND ORDER**
**DECLINING TO AFFIRM AND ADOPT REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE,**
**DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,**
**DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,**
**AND GRANTING THE PLAINTIFF'S ALTERNATIVE MOTION TO REMAND**

I.  Procedural History

The plaintiff, Linda D. Oldaker, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI").  In the application, the plaintiff alleges disability since July 4, 2004, due to a back injury.

The Social Security Administration denied the plaintiff's application initially and on reconsideration.  The plaintiff requested a hearing, and a hearing was held on September 26, 2006, before Administrative Law Judge ("ALJ") George A. Mills III.  The plaintiff, represented by counsel, testified on her own behalf, as did Vocational Expert ("VE") John M. Panza.  On November 24, 2006, the ALJ issued an unfavorable decision for the claimant.  The Appeals Council denied the plaintiff's request for review on June 11, 2008, thus making the ALJ's decision the final decision of the

Commissioner.  Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Both the plaintiff and the defendant filed motions for summary judgment.  On August 14, 2009, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be stricken from the active docket of this Court.  Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report.  The plaintiff filed timely objections.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 458 F.

Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

In her motion for summary judgment, or in the alternative, motion to remand, the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence, nor is it based upon correct application of the law. Specifically, the plaintiff argues that (1) the ALJ erred by not finding the plaintiff's condition met the requirements of Listing 12.05(c); (2) the ALJ erred by not properly considering treating source opinions; and (3) the ALJ erred by not including all of the plaintiff's limitations in the residual functional capacity ("RFC") finding. The Commissioner contends that the plaintiff's arguments lack merit, and that substantial evidence supports the Commissioner's final decision.

Magistrate Judge Seibert issued a report and recommendation, in which he held that (1) substantial evidence supports the ALJ's findings that the plaintiff failed to show subaverage intellectual functioning prior to age 22, thus not meeting the requirements of Listing 12.05(c); (2) the ALJ did not weigh all of the evidence in determining that there is no evidence of any deficits in adaptive behavior, but that this error is harmless; (3) substantial evidence supports the ALJ's finding considering treating source opinions and

3

that the ALJ's analysis was proper; and (4) substantial evidence supports the ALJ's RFC assessment. Accordingly, based upon these findings, the magistrate judge held that the plaintiff was not disabled.

The plaintiff thereafter filed objections to the magistrate judge's report and recommendation. In these objections, the plaintiff argues that the magistrate judge (1) erred in his decision regarding Listing 12.05(c) as it is not consistent with the facts, the law, or with years of administrative practice; (2) erred in not properly considering treating source opinions and failing to address the correct issues; and (3) erred in finding that the ALJ's RFC assessment was proper.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and agrees with the plaintiff that

4

she is disabled under 20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.05(c) by reason of her low IQ and back impairment. This Court holds that the Secretary's denial of eligibility is not supported by substantial evidence. Accordingly, this Court declines to adopt the report and recommendation of the magistrate judge and remands this case to the ALJ for further review.

A.  <u>Listing 12.05(c)</u>

A claimant meets the required level of severity for disabling mental retardation by showing an "IQ of 60 to 69, inclusive and a physical or other mental impairment imposing additional and significant work-related limitation of function." <u>Rainey v. Heckler</u>, 770 F.2d 408, 410 (4th Cir. 1985) (quoting 20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.05(c)). Where more than one IQ is derived from the administered IQ test, the lowest score is to be used in conjunction with 12.05(c). <u>Id.</u> at 410-411. Because mental retardation is a lifelong condition, a claimant must show that the condition predates age 22. <u>Luckey v. United States Dept. of Health and Human Services</u>, 890 F.2d 666, 668 (4th Cir. 1989). Additionally, "the Secretary may not rely upon previous work history to prove non-disability where the section 12.05(c) criteria are met." <u>Id.</u> at 669.

An ALJ may commit error by rejecting IQ scores that support a finding of mental retardation. <u>Rineholt v. Astrue</u>, 617 F. Supp. 2d 733, 744 (E.D. Tenn. 2009). The Secretary must demonstrate substantial evidence in the record to support the rejection of an

5

IQ score in the 60 to 69 range. <u>Brown v. Secretary of Health and Human Services</u>, 948 F.2d 268, 270 (6th Cir. 1991). Further, an ALJ must "discuss the evidence in the record and explain [his] reasons for not finding a disability." <u>Rineholt</u>, 617 F. Supp. 2d at 744. While an ALJ is "not required to discuss every piece of evidence," he should discuss "the evidence supporting his decision" and "the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

In the ALJ's decision, he states that while the plaintiff has achieved valid IQ scores within the 60 to 69 range recently, there is no evidence that the subaverage mental functioning manifested prior to age 22. The ALJ then states that the plaintiff has been able to work at the substantial gainful activity level for several years, take care of her home and family, and generally adapt to her environment and society, concluding that there is no evidence of any deficits in adaptive behavior.

Both the ALJ and the magistrate judge state, without providing authority, that the plaintiff's childhood IQ test, showing an IQ of 69, within the range of § 12.05(c), is not enough to prove mental retardation manifested before age 22. The magistrate judge, concluding that the ALJ had substantial evidence to conclude that the plaintiff does not meet the listing requirements for mental retardation, points to an "A" in special education English and math classes in 1987. The magistrate judge also mentions that the

6

plaintiff's Wide Range Achievement Test ("WRAT") scores show she possessed basic arithmetic knowledge, while falling below average in reading skills.

"Standardized intelligence test results are essential to the adjudication of all cases of mental retardation that are not covered under the provisions of 12.05A." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(D)(6)(b). In the absence of childhood IQ test scores, the Fourth Circuit has allowed other evidence to support a claimant's argument that the mental retardation manifested prior to age 22. Here, there is no need to speculate whether the plaintiff's mental retardation manifested before age 22. The record shows that the plaintiff scored a 69 on an IQ test administered when she was eleven years old. Further, the plaintiff's testing qualified her for Educable Mentally Handicapped special education classes in school and tested in the third percentile for reading on her CTBS standardized test scores. Achieving an "A" in an Educable Mentally Handicapped special education program cannot alone discount a valid IQ score within the federal guideline range for disabling mental retardation.

The ALJ gave no reason for discounting the IQ score. The ALJ mentions the plaintiff's ability to work, but the Fourth Circuit has stated that work history cannot disprove disability where the 12.05(c) factors are met. Luckey, 890 F.2d at 669.

The magistrate judge found that the ALJ did not weigh all of the evidence in determining that there is no evidence of any

7

deficits in adaptive behavior, but that this error was harmless because the claimant did not prove the existence of mental retardation before age 22. Because this Court concludes that the plaintiff has met the intelligence prong of 12.05(c), the ALJ's error in not weighing the evidence properly is not harmless. The plaintiff testified at the hearing that she did not know how to cook. She also testified that she bounces "a lot of checks" because of "the adding and subtracting." The magistrate judge properly found that this evidence is indicative of adaptive functioning. While it is not for this Court, but for the ALJ, to weigh the evidence in the record, this Court remands this issue to the ALJ to determine whether the plaintiff is able to cope with common life demands and how well she meets the standards of personal independence expected of someone in her particular age group, socio-cultural background, and community setting. Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) 37, 39-40 (4th ed. 1994).

B.  Treating Source Opinions

An ALJ generally must give more weight to a treating source's opinion because that source often provides "a detailed, longitudinal picture" of the plaintiff's alleged disability. Parnell v. Astrue, 2008 WL 4414921 (S.D. W. Va. 2008) (unpublished) (citing 20 C.F.R. § 404.1527(d)(2), 416.927(d)(2)). However, a treating source's opinion is afforded controlling weight when two conditions are met. Id. First, it must be supported by clinical

and laboratory techniques, and second, it must be consistent with other substantial evidence. Id. It is the responsibility of the ALJ, not this Court, to weigh the evidence in making this determination. Id. This Court does, however, examine the record as a whole to determine whether the ALJ's decision is rational. Id.

The Fourth Circuit has established a five part analysis for evaluating and weighing medical opinions: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006).

Here, the ALJ and the magistrate wrote that "Dr. Winfree's opinion is not supported by objective medical evidence and is not consistent with other substantial evidence including other psychological consultative examinations and the claimant's own activities of daily living." The ALJ also wrote a single sentence regarding his rejection of Dr. Almond's opinion: "[f]or the same reasons, including a lack of treatment notes, as noted above, the undersigned has given only limited weight to the opinion of Dr. Almond."

The plaintiff contends that it is not possible for an ALJ to perform the Hines analysis in one sentence. This Court does not agree. First, it is undisputed that the ALJ acknowledged that

Winfree and Almond both examined the plaintiff. Second, the ALJ did note what he believed to be the treatment by both doctors of the plaintiff. Third, the ALJ stated that the medical opinions were not supported by objective evidence. Fourth, the ALJ stated that the medical opinions were not consistent with other opinions. Fifth, the ALJ does not dispute that the doctors are specialists. In examining the record in its entirety, the ALJ had the opinion of more physicians than doctors Almond and Winfree. Dr. Morgan evaluated the plaintiff and found her concentration, persistence, and pace only "mildly deficient," and her memory normal. The ALJ, in weighing the evidence, could find that Dr. Morgan's assessment of the plaintiff's "mild" deficiencies could contradict the opinions of disabling limitations. Further, Dr. Roman, the state agency physician, found that the plaintiff's limitations were not as limited as the opinions of Dr. Almond and Dr. Winfree. Therefore, the ALJ performed the analysis required by <u>Hines</u> before rendering his decision.

    This Court does agree with the plaintiff, however, that the ALJ erred by not addressing the plaintiff's contention that Dr. Winfree and Dr. Almond did not give separate opinions, but one treating source opinion. On remand, the ALJ should address this issue. Further, the ALJ and the magistrate judge erred by finding a lack of treatment notes by Dr. Almond. This Court points out that on remand, the ALJ should note that the record does contain treatment notes from Dr. Almond (Tr. 356–358).

The plaintiff also points out that the ALJ did not address the weight given to the letter of Dr. O'Halloran, the plaintiff's counselor. This Court cannot say, as the ALJ did not address the evidence of Dr. O'Halloran in his decision, that the ALJ weighed the evidence of Dr. O'Halloran under the Hines test. Therefore, the ALJ should weigh the evidence of Dr. O'Halloran on remand.

C. Residual Functional Capacity

"The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." SSR-96-8p. "Work related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." Id.

An RFC assessment must include consideration of any limitations arising from a claimant's impairments. See C.F.R. § 404.1520(e); SSR 96-8p. Here, the ALJ found that the plaintiff "has an unlimited ability to follow and complete simple tasks and instructions." The plaintiff is correct that the magistrate judge's report and recommendation did not respond to this issue. The ALJ failed to include the mental limitations caused by the mental impairment in the RFC finding. Even the state psychologist, whose report the plaintiff does not believe is accurate, identifies

11

that the plaintiff needed routine, repetitive work and has moderate limitations of concentration, persistence, and pace. Accordingly, the ALJ's omission in the RFC assessment of these limitations was error. On remand, the ALJ should make a determination of the plaintiff's RFC in light of the limitations in the record.

## IV. Conclusion

Based upon a de novo review, this Court DECLINES to affirm and adopt the magistrate judge's report and recommendation. Thus, for the reasons stated above, the defendant's motion for summary judgment is DENIED, the plaintiff's motion for summary judgment is DENIED, and the plaintiff's alternative motion to remand is GRANTED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   January 26, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE